**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FROSTIE GRAUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 23-1190-JWL** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 13) (Pl. Mot.) pursuant to the Social Security Act. 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED IN PART, approving a fee in the amount of $17,727.28 pursuant to the Social Security Act.

## I. Background

Plaintiff filed a Complaint in this court on September 12, 2023, seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc 1). After the Commissioner filed the administrative record in this case, he confessed error and filed an unopposed motion to remand. (Doc. 8). The court granted the Commissioner's motion and entered judgment remanding the case for further

proceedings. (Docs. 9, 10). The court granted Plaintiff's unopposed motion for attorney fees pursuant to the Equal Access to Justice Act on January 26, 2024, granting fees in the amount of $908.70. (Doc. 12). On remand, the Commissioner issued a fully favorable decision on July 24, 2026, and a "Notice of Award" of benefits to the claimant on August 17, 2026. (Pl. Mot., Attachs. 3, 4).

The SSA withheld $28,255.50 (25%) from Plaintiff's past due benefits. Id. Attach. 4, p.4. Plaintiff now seeks award of attorney fees of $19,055.50 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II. Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between Plaintiff and his attorney, the court is to look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and his counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases."). The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw 450 F.3d 493 at 505, and will reverse only if the district court's decision is 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment.'" Id., Gordon, 361 F. App'x at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

This court has approved 406(b) contingent attorney fees at an hourly rate of $736.07 resulting in an equivalent hourly rate for non-contingent work of almost $263.00; Madrigal v. Kijakazi, Civ. A. No. 19-2429-JWL, 2021 WL 4860555 (D. Kan. October 19, 2021); see also, Gardipee v. Saul, Civ. A. No. 20-1001-JWL, 2021 WL 826206, *3 (D. Kan. Mar. 4, 2021) (an hourly rate of $1,001.90 resulting in an equivalent hourly rate for non-contingent work of $357.82); Morris v. Kijakazi, Civ. A. No. 19-1133-JWL, 2021 WL 5769365 (D. Kan. Dec. 6, 2021) (hourly rate of $410.57); Rogers v. Saul, Civ. A. No. 19-1134-JWL, 2022 WL 17718655 (D. Kan. Dec. 15, 2022) (hourly rate of $2,265.39 and an equivalent hourly rate $809.07); Schlein v. Kijakazi, Civ. A. No.

21-1180-JWL, 2023 WL 5952025 (D. Kan. Sept. 13, 2023) (at an hourly rate of $703.80 resulting in an equivalent hourly rate of $251.36); Firment v. O'Malley, Civ. A. No. 22-1220-JWL, 2023 WL 8934765 (D. Kan. Dec. 27, 2023 (hourly rate of $1,157.81 and equivalent hourly rate of $413.50); and, Walls v. O'Malley, Civ. A. No. 21-1011-JWL, 2024 WL 52609 (D. Kan. Jan. 3, 2024) (hourly rate of $1,407.34 and equivalent hourly rate of $502.62).

**III. Discussion**

Here, Plaintiff's attorney requests a fee award of less than the full 25 percent of Plaintiff's past due benefits, or $19,055.50. She included a copy of the contingent fee agreement signed by Plaintiff, in which he agreed to a fee of 25 percent of past due benefits. (Pl. Mot., Attach. 5). Counsel submitted a listing of the hours expended in prosecuting the case before this court showing just 3.90 hours expended. Id., Attach. 6. An award of $19,055.50 would result in an hourly rate of $4,886.03 and an effective hourly rate in a noncontingent case of $1,745.01. Counsel argues the fee requested is not large in comparison to the time spent on the case and that the skill, competence, expertise, and experience of her and her firm produced an excellent result in this case and support awarding $19,055.50. Id., Attach. 1, p.10-11.

The Commissioner did not submit a response to Plaintiff's Motion, but Plaintiff's counsel asserts that in conferring with counsel for the Commissioner, counsel asserted the Commissioner neither supports nor opposes counsel's request for attorney's fees. (Pl.

Mot. 1). He informed the court, "The Commissioner does not intend to file a response given that his position is accurately reflected in [Plaintiff's] motion." (Pl. Mot. 1).

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel and makes the following findings. The court finds that Plaintiff's counsel has not met her burden to prove that award of $19,055.50 is reasonable in the circumstances present here. The court notes that counsel achieved a good result for Plaintiff, especially considering the Commissioner chose to request remand before Plaintiff filed a brief in this case. Contrary to counsel's assertion otherwise, by any reasonable standard the attorney fee requested ($19,055.50) is large in comparison to the hours spent in preparing the case before this court (3.90 hours). The court recognizes that the contingent nature of the fee justifies a fee award in Social Security cases when the claimant prevails which is higher than normal hourly rates charged by attorneys in other matters in order to encourage practitioners to take such cases and to provide for those cases taken which are not successfully concluded. Moreover, the court is aware that counsel's firm has a substantial practice in Social Security disability cases before this court in which there is a significant risk of—and a significant occurrence of—loss. This is particularly true due to the deferential standard applicable in Social Security cases, Biestek v. Berryhill, 139 S. Ct. 1148, at 1154, 1157 (2019), and this court's strict adherence to that standard.

The Commissioner does not object to the fee requested, counsel's law firm provides a substantial and diligent Social Security disability practice before this court,

and the court recognizes that the contingent nature of attorney fees in such practice must be recognized to encourage practitioners to take cases which may not be as strong as others.

About a month ago the court awarded an attorney fee to this counsel pursuant to 42 U.S.C. § 406(b) in circumstances quite similar to those present here. Dockett v. Bisignano, Civ. A. No. 24-1037-JWL, 2026 WL 2470006 (D. Kan. Aug. 21, 2026). In Dockett, as here, the Commissioner confessed error and requested remand after filing the record and counsel had only worked 3.3 hours in preparing the case before the court. Id., 2026 WO 2470006, *2. Counsel requested the full 25% of past due benefits ($22,356.73) and the court found that was an unreasonably large fee in comparison to the hours worked despite counsel's skill and experience and despite the need to encourage practitioners to take Social Security cases which may appear less lucrative. Id., *3. The court found $15,000.00 was a reasonable fee in the circumstances. The court finds the fee requested here exceeds the limits of reasonableness, but counsel expended greater work than in Dockett and she did not request the full 25% of past due benefits. Therefore, the court finds the hourly rate implied in Dockett should also be applied here. That hourly rate was $4,545.45 ($15,000 / 3.30). Therefore the court approves a fee of $17,727.28.

Plaintiff's counsel reminds the court that the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, fee in this case, which was $908.70, must be refunded to Plaintiff as the smaller fee.

The court finds that $17,727.28 is a reasonable fee in the circumstances of this case.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the court approves an attorney fee of $17,727.28 which the Commissioner shall provide to Plaintiff's counsel subject to any remaining past due benefits withheld.

**IT IS FURTHER ORDERED** that counsel shall refund the EAJA fee award of $908.70 to Plaintiff.

Dated September 25, 2026, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**